IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 05-1132-CV-W-FJG |
| ) | |
| KCEP I, L.P., ) | |
| ) | MC 05-260 |
| Defendant. ) | |

FILED
DEC 27 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**COMPLAINT FOR RECEIVERSHIP AND INJUNCTION**

Plaintiff, the United States of America, on behalf of its agency, the United States Small Business Administration, for its cause of action states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. This is a civil action brought by the United States on behalf of its agency, the Small Business Administration (hereinafter, "SBA", "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, D.C. 20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; the Small Business Act, 15 U.S.C. § 634(b)(1); and 28 U.S.C. § 1345.

3. Defendant, KCEP I, L.P. (hereinafter, "KCEP", "Licensee" or "Defendant"), the holder of SBA's Small Business Investment Company License No. 07/77-0096, is a Kansas limited partnership formed on or about June 21, 1994, and maintains its principal office at 233 West 47th Street, Kansas City, Missouri 64112. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b).

## STATUTORY AND REGULATORY FRAMEWORK

4.     The Licensee was licensed by SBA as a Small Business Investment Company ("SBIC") pursuant to Section 301 (c) of the Act, 15 U.S.C. § 681 (c), on September 19, 1994, SBA License No. 07/77-0096, solely to do business under the provisions of the Act and the regulations promulgated thereunder.

5.     Section 308 (c) of the Act, 15 U.S.C. § 687 (c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

6.     The Licensee's Limited Partnership Agreement expressly provides that the Licensee was organized for the purpose of operating under the Act and subject to the Regulations issued by SBA thereunder.

7.     Section 303 of the Act, 15 U.S.C. § 683, authorizes SBA to provide financing to licensed SBICs.

8.     Pursuant to Section 303 of the Act, 15 U.S.C. § 683, SBA provided funds to the Licensee through the purchase of Participating Securities, a form of Leverage, as those terms are defined under the Regulations, in the total principal amount of $7,881,385.62, plus prioritized payments of $8,032,061.23.

9.     Compliance with the terms of Leverage provided by SBA required that the Licensee not have a condition of Capital Impairment, as that term is defined under the Regulations.

10. According to audited financial information provided by the Licensee to SBA on SBA Form 468 as required under the Regulations, 13 C.F.R. § 107.630, the Licensee has a condition of Capital Impairment.

11. SBA afforded the Licensee an opportunity to cure its condition of Capital Impairment and the Licensee has failed to cure its condition of Capital Impairment beyond any applicable cure periods under the Regulations.

12. Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a licensee such as KCEP may be forfeited and the company may be declared dissolved.

13. Section 311 of the Act, 15 U.S.C. § 687c, provides that upon a determination by SBA that a licensee such as KCEP, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such licensee has engaged in or is about to engage in any such acts or practices. The Court is authorized to appoint SBA to act as receiver for such licensee.

## SUBSTANTIVE ALLEGATIONS

14. Paragraphs 1 through 13 are adopted herein by reference.

15. The Licensee has an uncured condition of Capital Impairment as that term is defined under the Regulations.

16.     SBA has determined that the Licensee is not in compliance with its terms of Leverage due to its uncured condition of Capital Impairment.

17.     SBA has determined that the Licensee is in violation of the Regulations, 13 C.F.R. §§ 107.1830(b) and 507(a).

18.     SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. § 687(d) and 687c, including the appointment of SBA as Receiver of the Licensee for the purposes of liquidating the Licensee and all of its assets.

WHEREFORE, Plaintiff prays as follows:

A.     That injunctive relief, both preliminary and permanent in nature, be granted restraining the Licensee, its officers, directors, general partners, managers, agents, employees, and other persons acting in concert or participation therewith from: (1) making any disbursements of Defendant's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of the Licensee, wherever located; and (3) violating the Act or the Regulations promulgated thereunder.

B.     That this Court determine and adjudicate the Licensee's noncompliance with the Act and the Regulations promulgated thereunder, and that such determination constitutes sufficient grounds for the requested relief

C.     That this Court, pursuant to 15 U.S.C. § 687c, take exclusive jurisdiction of the Licensee and all of its assets, wherever located, appoint SBA as receiver of the Licensee for the purpose of marshaling and liquidating the assets of the Licensee and satisfying the claims of creditors as determined by the Court, and such other relief as contained in the Proposed Order filed herewith.

D. That upon the liquidation of the Licensee and the completion of the receivership, the Licensee's SBIC license may be revoked.

E. That this Court grant such other relief as may be deemed just and equitable.

Respectfully submitted,

Todd P. Graves
United States Attorney

By: */s/ E. Eugene Harrison*
E. Eugene Harrison, Bar No. 26923
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3130
Facsimile: (816) 426-3165

U.S. SMALL BUSINESS ADMINISTRATION

By: */s/ E. Eugene Harrison*
For: Andrea L. Mayer
Trial Attorney
U.S. Small Business Administration
409 Third Street, S.W., 7th Floor
Washington, D.C. 20416
Telephone: (202) 205-6876
Facsimile: (202) 481-0210

ATTORNEYS FOR PLAINTIFF